IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| AMIR KARIEM, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:24-CV-00197-Z-BR |
| § | |
| POTTER COUNTY DETENTION § | |
| CENTER, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Amir Kariem's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges his pretrial detention in the Potter County Detention Center.[1] (ECF 3). Respondent has not filed an answer, but after reviewing the petition and considering the relief sought, the Court concludes that Petitioner fails to show that he is eligible for federal habeas relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] Petitioner's habeas petition should be DENIED.

**I. FACTUAL BACKGROUND**

Petitioner Amir Kariem ("Kariem") alleges that, when he was arraigned in Potter County District Court, his bond was set at an amount too high for him to pay. The criminal charges are

---

[1] Petitioner used the Section 2254 form for those in state custody; however, his claims show that he is challenging his pretrial detention rather than any state-court conviction or sentence. Thus, the Court considers the petition under Section 2241 instead.

[2] A district court may apply any or all of the rules governing Section 2254 habeas petitions to those cases filed pursuant to Section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases; *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Gaitan-Campanioni v. Thornburgh*, 777 F. Supp. 1355, 1356 (E.D. Tex. 1991).

still pending. (ECF 3 at 2, 6). Upon review, the Court finds that Kariem's claims are barred by the *Younger* abstention doctrine. Therefore, his petition should be dismissed.[3]

## II. LEGAL ANALYSIS

Challenges raised in a pretrial habeas corpus petition are governed by 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). A Section 2241 habeas petition is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of Section 2241 petition without ordering an answer from respondent).

Review of pretrial habeas petitions is limited to avoid unwarranted interference with ongoing state-court criminal proceedings. *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977). "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971) (explaining the doctrine of abstention prohibiting direct interference by a federal court with a pending state criminal prosecution). Absent exceptional circumstances, a pretrial detainee may not litigate the merits of his constitutional claims before the state court has entered a judgment of conviction. *Braden v. Kentucky*, 410 U.S. 484, 489 (1973). *See also Louisiana Debating and Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir. 1995) (Abstention is generally deemed appropriate when "assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character.") (citation omitted).

A federal court may not enjoin state-court proceedings "except as expressly authorized by

---

[3]Because the Court lacks habeas jurisdiction, it need not require compliance with the Court's filing requirements.

Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks omitted). When these conditions are present, federal intervention in a pending state-court prosecution is possible only "in certain exceptional circumstances—where irreparable injury is both great and immediate, … where the state law is flagrantly and patently violative of express constitutional prohibitions, … or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief." *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (internal citation omitted). Kariem has the burden of establishing "actual proof of bad faith," showing that state officials chose to proceed "without hope of obtaining a valid conviction." *Gates*, 885 F.3d at 881.

Here, Kariem expressly asks the Court to interfere with his state-court proceedings. *See Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 717 (5th Cir. 2012) ("Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'"). Second, the state necessarily has a strong interest in the enforcement of state criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Third, Kariem has not shown that he lacks an adequate opportunity to raise his challenges in the state court. *See Trevino v. Thaler*, 569 U.S. 413, 426 (2013). Thus, the abstention doctrine applies unless Kariem can show that the narrow, exceptional circumstances described above are present here.

Kariem does not challenge the constitutionality of any state law, nor has he shown a great and immediate irreparable injury. Indeed, "it does not appear . . . [that he has] been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith." *Younger*, 401 U.S. at 47. Kariem's claim does not rise to the level of "extraordinary" circumstances. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("Only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference to be accorded to the state criminal process."); *Chavez v. Dallas Cnty. Sheriff's Off.*, No. 3:21-CV-891-B-BK, 2022 WL 2182189, at *3 (N.D. Tex. Apr. 21, 2022), *R. &. R. adopted*, 2022 WL 2181067 (N.D. Tex. June 16, 2022) (dismissing pre-trial habeas petition raising ineffective assistance of counsel, among other grounds, based on the *Younger* abstention doctrine because the petitioner had shown no extraordinary circumstances). Kariem's conclusory allegations do not show any exceptional circumstances warranting federal interference with his state-court proceedings. The *Younger* abstention doctrine applies and thus the Court should decline to exercise jurisdiction. *See Kolski*, 544 F.2d at 766 (affirming denial of federal habeas petition by state pretrial detainee relating to his pending criminal prosecution).

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a proceeding under Section 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When

a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended that reasonable jurists could not debate the denial of Kariem's petition on substantive or procedural grounds, nor find that the issues presented are adequate to proceed. *See Slack*, 529 U.S. at 484. Accordingly, it is recommended that the Court find that Kariem is not entitled to a certificate of appealability on the claims presented.

## IV. RECOMMENDATION

For the reasons stated above, the United States Magistrate Judge recommends that the petition for a writ of habeas corpus filed by Amir Kariem be DENIED with prejudice and a Certificate of Appealability be DENIED as to the claims presented.

## VI. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 16, 2024.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## *  NOTICE OF RIGHT TO OBJECT  *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).