IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

AMIR KARIEM,

    Petitioner,

v.                                                            2:24-CV-197-Z-BR

POTTER COUNTY DETENTION
CENTER, *et al.*,

    Respondents.

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
AND
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is the Magistrate Judge's Findings, Conclusion, and Recommendation to deny a Petition for Writ of Habeas Corpus ("FCR") (ECF No. 5). No objections have been filed, though Petitioner did file a Motion to Appoint Counsel ("Motion") (ECF No. 7) after the FCR. That Motion is **DENIED** because "[a] civil rights complainant has no right to the automatic appointment of counsel unless the case presents exceptional circumstances." *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988). Here, like in *Freeze*, Petitioner does "not raise novel or complex issues" that justify the appointment of counsel. *Id.*; *see* ECF No. 5 at 3 ("Here, Kariem expressly asks the Court to interfere with his state-court proceedings.").

After an independent review of the filings in this matter, the Court **FINDS** that the FCR is correct. Therefore, it is **ORDERED** that the FCR be **ADOPTED** and the foregoing Petition for a Writ of Habeas Corpus be **DISMISSED** with prejudice. All pending motions are **DENIED** accordingly. *See* 28 U.S.C. § 1915(a)(2) (outlining requirements for motions for leave to proceed *in forma pauperis*); ECF Nos. 3, 4 (Petitioner's motion failing to satisfy those requirements).

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 proceedings, and 28 U.S.C. Section 2253(c), the court **DENIES** a certificate of appealability. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (requiring state pretrial detainee challenging pending criminal charges to obtain a certificate of appealability following district court's denial of petition under 28 U.S.C. Section 2241). In light of the ruling in this case, the court **FINDS** that petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If Petitioner files a notice of appeal, he must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED.**

October 15, 2024.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

2